UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO MARTINEZ,

    Petitioner,

v.                    Case No. 8:06-cv-2363-T-24MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

O R D E R

    This cause is before the Court on Petitioner Pedro Martinez's 28 U.S.C. § 2254 petition for writ of habeas corpus. Martinez challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida.

DISCUSSION

    Martinez pled nolo contendere to the was charge of possession of cocaine, in violation of section 893.13, Florida Statutes (2004). On September 2, 2005, the state trial court sentenced Martinez to thirty-nine months incarceration. (Petition, p. 1). Martinez appealed, raising one issue: "Whether the [state] trial court erred in denying appellant's motion to suppress when the police officer lacked probable cause to make the stop." (Petition, p. 2). On August 25, 2006, the state district court of appeal per curiam affirmed the conviction and sentence [and by doing so, affirmed the trial court's denial of the motion to suppress]. (Petition, p. 2).

    Martinez raises one ground for relief in the present timely-filed federal petition: "The evidence was obtained only as a result of an illegal search without a warrant and absent probable cause, in violation of 4th Amendment." (Petition, p. 5).

    Martinez filed a memorandum of law alleging police misconduct related to the search

(Doc. No. 2), and a copy of the transcript of the state trial court motion to suppress hearing (Exhibit attached to the petition, Doc. No. 1).

ANALYSIS

In <u>Stone v. Powell</u>, 428 U.S. 465 (1976), the Supreme Court held that a state trial court's determination that a particular search or seizure did not violate the defendant's Fourth Amendment rights is not reviewable on federal habeas, so long as the defendant had a full and fair chance to litigate the Fourth Amendment claim in the state courts. The decision in <u>Stone</u> rested on prudent concerns that counseled against the application of the Fourth Amendment exclusionary rule on federal collateral review. <u>Stone</u>, 428 U.S. at 494-95, n.37.

The Court reasoned that the Fourth Amendment exclusionary rule was not a personal constitutional right. Rather, the rule was designed to deter future Fourth Amendment violations, and its application on federal habeas many years after the alleged police misconduct would only marginally advance the goal of deterrence. Moreover, allowing federal habeas review would exclude ordinarily reliable evidence, waste judicial resources, frustrate the necessity of finality and increase friction between federal and state systems. <u>Stone</u>, 428 U.S. at 491.

At Petitioner Martinez's state court hearing on the motion to suppress, the Court stated:

> I don't have a problem with anything this CI told these people. It was very detailed. It was even - - the identification part was even corroborated by them the day before. They gave the description of the person, gave the description of the car, detailed right down to the fact it was a rental car and a tag number. And they corroborated that, seeing a car, matching that description, being driven by a person matching that description. It was very detailed as to what the person would have, where he would have it, uh, what drugs he would have, uh, where he would be and when. There's no question how this person claimed to have this knowledge. He said, I have made the deal with him, I have personal knowledge. And it is, to me, apparently reasonable for these officers to conclude that this person knew something about drug dealing, based on his own track record.
>
> If they had used this guy ten times in the past, I would have absolutely

>no qualms about denying this motion. They used him once in the past. I wish somebody had brought me, if there is, a case that says at what point are we entitled to say that a confidential informant is sufficient [sic] reliable to, to make a probable Cause Detention versus a Terry Detention.
>
>. . . .
>
>I make the following observations. First of all, the CI was used once. The information proved reliable and was useful in making an arrest. It was a very short time before this case. Which is further reason for me to conclude that the CI knew what he was talking about and the police reasonably relied upon it. Motion denied, do me [sic] one sentence order.

(Transcript of Motion To Suppress Hearing, Exhibit to Doc. No. 1, pp.68-70)

Petitioner Martinez's attempt to couch his claim in terms of a police misconduct Fourteenth Amendment violation must fail because his claim falls squarely under Stone v. Powell. Martinez had a full and fair chance to litigate his Fourth Amendment claim at his motion to suppress hearing and on appeal of the denial of that motion.

Therefore, Petitioner's claim is not reviewable by this Court.

Accordingly, the Court orders:

That Martinez's petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Martinez and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 29, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge


Pedro Martinez